UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRINITY HOSPICE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1674 CDP |
| ) | |
| WILLIAM MILES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Trinity Hospice, Inc. filed this suit in state court against a former employee, William Miles. Miles timely removed the case to this court on the basis of diversity jurisdiction, as he is an Illinois citizen and Trinity is a citizen of Delaware and Texas. Shortly thereafter, Trinity filed an amended complaint that added as a defendant Miles' new employer, Hope Hospice, Inc., a Missouri citizen. Trinity argues that the case must now be remanded because Hope is a Missouri citizen, and Miles argues that Trinity was required to obtain leave of court before joining Miles. Although leave of court might be necessary to file an amended complaint that destroys subject-matter jurisdiction, Trinity's amended complaint does not do so, because complete diversity continues to exist. The parties have confused the forum-defendant removal rule with diversity jurisdiction. I will deny Trinity's motion to remand, and I will deny Miles' motion

to dismiss directed to the original complaint as moot.

## Discussion

Trinity originally filed this action in the Circuit Court of St. Louis County on October 20, 2006. It served Miles on October 23, and on November 13 Miles filed a motion to dismiss. On November 20, Miles removed the case to this Court on the basis of diversity jurisdiction. Trinity is a Delaware corporation with its principal place of business in Texas, and Miles is a citizen of Illinois. On November 29, 2006, Trinity filed its first amended complaint, a motion for remand, a memorandum in support of its motion to remand, and a motion for additional time to respond to Miles' motion to dismiss. Trinity's amended complaint adds Hope Hospice, Inc. as a new defendant. Hope is a Missouri corporation with its principal place of business in Missouri.

Trinity contends that Hope's Missouri citizenship destroys diversity. Miles argues that Trinity's motion to remand should be denied because Trinity did not seek leave of court to file its amended complaint and because it has not yet served Hope. Miles' main argument is that the Court should exercise its discretion not to allow Hope's joinder because Trinity waited to join it until just after removal, conduct which Miles casts as dilatory.

The parties miss the point. Complete diversity continues to exist even with

the addition of Hope.  The post-removal joinder of a diverse party who is a resident of the forum state does not destroy removal jurisdiction.  Trinity was entitled to add Hope as of right, and Trinity's first amended complaint is deemed to have been filed as of November 29, 2006.

Trinity's filing of its amended complaint and its addition of Hope were proper under Rule 15(a), Fed. R. Civ. P., which allows a plaintiff to amend its complaint once as a matter of right "at any time before a responsive pleading is served."  A motion to dismiss is not a pleading.  See Rule 7(a), Fed. R. Civ. P.  Miles had not filed an answer when the amended complaint was filed, and so leave of court was not required.

In some cases Rule 15 may conflict with one part of the removal statute, which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the Sate court." 28 U.S.C. § 1447(e).  Courts that have considered this conflict have generally ruled that they have authority to deny joinder under Rule 15(a) despite its language.  See Mayes v. Rapoport, 198 F.3d 457, 462 n. 11 (4th Cir. 1999); see also Brcka v. St. Paul Travelers Co., Inc., 366 F. Supp. 2d 850, 853 (S.D. Iowa 2005); Whitworth v. TNT Bestway Trans., 914 F. Supp. 1434, 1435 (E.D. Texas 1996).

That conflict has no application here, however, because Hope is diverse from Trinity, and so the joinder of Hope does not destroy subject-matter jurisdiction. Trinity is a Delaware corporation with its principal place of business in Texas. Miles is a citizen of Illinois. Hope is a Missouri corporation with its principal place of business in Missouri. Complete diversity remains under 28 U.S.C. § 1332.

The parties confuse diversity jurisdiction with the forum-defendant rule set out in 28 U.S.C. § 1441(b). That rule prohibits removal on diversity grounds if a properly joined and served defendant is a citizen of the State in which the original action was brought. Post-removal joinder of a forum defendant does not destroy subject-matter jurisdiction so long as complete diversity continues to exist. See Spencer v. United States Dist. Court, 393 F.3d 867, 870-71 (9th Cir. 2004); see also Devore v. Transport Technology Corp., 914 F. Supp. 355, 356-57 (W.D. Mo. 1996). Although in the Eighth Circuit violation of the forum-defendant rule is a jurisdictional defect, removal jurisdiction is determined based on the circumstances at the time the notice of removal was filed. See Horton v. Conklin, 431 F.3d 602, 605 (8th Cir. 2005); see also Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939) (holding that a second amended complaint filed after the notice of removal should not have been considered in determining the right to remove);

accord Crosby v. Paul Hardeman, Inc., 414 F.2d 1, 3 (8th Cir. 1969).

Miles, who is not a Missouri citizen, was the only defendant when he removed the case to this court, so there was no violation of the forum-defendant rule. And 28 U.S.C. § 1441(b) does not control the procedures after removal. Instead, 28 U.S.C. § 1447 controls, and that section does not require remand in this instance. See Spencer, 393 F.3d at 871; see also Devore, 914 F. Supp. at 357. Section 1447 would only require remand if a non-diverse party were joined, and Hope is diverse from Trinity.

Trinity did not need leave of court to file its amended complaint, and as a result, its amended complaint was deemed filed as of November 29, 2006. Trinity's filing of its amended complaint rendered Miles' motion to dismiss moot. See Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002) ("If anything, Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint.").

I will await service of the amended complaint on the new defendant (Hope) before setting a scheduling conference in the case, and plaintiff is reminded of its obligation to promptly achieve service. Defendant Miles will be granted additional time to file its responsive pleading to the amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Trinity's motion to remand [#6] is denied.

**IT IS FURTHER ORDERED** that Trinity's amended complaint is deemed filed as of November 29, 2006.

**IT IS FINALLY ORDERED** that Miles' motion to dismiss is denied as moot, and Miles shall file its responsive pleading or motion directed to the amended complaint no later than **January 8, 2007**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of December, 2006.