UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRINITY HOSPICE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV1674 CDP |
| | ) | |
| WILLIAM MILES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Defendant William Miles left his employment at plaintiff Trinity Hospice, Inc. and went to work for a competitor, defendant Hope Hospice, Inc. Trinity has sued both Miles and Hope, bringing a variety of tort, contract, and trade secret claims. Miles and Hope seek dismissal for failure to state a claim. I conclude that the amended complaint is sufficient to proceed: it contains sufficient allegations to meet the federal notice pleading requirements, and it alleges the elements of the claims raised. There is no reason for me to conclude that Trinity cannot prove any set of facts which would entitle it to relief, so I will deny both motions to dismiss.

### **Discussion**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the

complaint. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim entitling it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). When considering a motion pursuant to Rule 12(b)(6), the court must assume that all factual allegations of a complaint are true and must construe those allegations in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

Although a court must primarily consider the allegations contained in the complaint, other matters referenced in the complaint may also be taken into account in ruling on a motion to dismiss. Deerbrook Pavilion, LLC, v. Shalala, 235 F.3d 1100, 1102 (8th Cir. 2000). "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). Because exhibit 2, a portion of the stock purchase agreement governing Trinity's acquisition of Mercy Hospice, is attached to Trinity's complaint, I may consider its terms in ruling on the motion to dismiss. See Centers v. Centennial Mortg., Inc., 398 F.3d 930, 933 (7th Cir. 2005) ("[A] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to relief.").

Federal courts employ a liberal "notice pleading" requirement for factual

allegations. Fed. R. Civ. P. 8(a) (A pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). "A motion to dismiss will not be granted merely because the complaint does not state with precision every element necessary for recovery." Wallace v. Comprehealth, Inc., 36 F. Supp. 2d 892, 893 (E.D. Mo. 1998). To comply with Rule 8(a), Trinity need not set out in detail the facts upon which it bases its claims, but must give Hope and Miles fair notice of what its claims are and the grounds upon which they rest. Gardner v. First American Title Ins. Co., 294 F.3d 991, 994 (8th Cir. 2002).

1. Miles' Motion to Dismiss

Counts I through III are brought against defendant Miles, and allege breach of an employment contract that contained, among other things, a limited non-compete agreement and a non-solicitation agreement. In Count IV Trinity alleges that Miles misappropriated trade secrets in violation of the Missouri Uniform Trade Secrets Act, Mo. Rev. Stat. § 417.450 *et seq*. Counts V, VI, and VII seek recovery from Miles on theories of breach of fiduciary duty, breach of the duty of loyalty, and tortious interference with business relationships.

Miles argues that the contract claims must be dismissed because his contract was with Mercy Hospice, Inc., not with Trinity, and because the contract by its terms expired before he left Trinity's employ. He argues that the MUTSA claim

must be dismissed because any duty he may have had regarding trade secrets was extinguished by the employment agreement. He argues that the common-law tort claims are preempted by the MUTSA.

    a.    <u>Contract Claims – Counts I, II, III</u>

Miles's employment contract was entered into with Mercy Hospice, Inc. in June of 2004, and the contract stated that it would terminate in two years unless extended. The amended complaint alleges that Miles left Trinity's employment in October of 2006, but it also alleges wrongful conduct on his part going back to October of 2005. The complaint alleges that Trinity "acquired" Mercy Hospice in the fall of 2004, and it attached a portion of the stock purchase agreement governing the transaction as exhibit 2. Miles argues that Trinity has no rights to enforce the agreement because Miles did not consent to the assignment of his contract.

Generally, under Missouri law, personal services contracts are not assignable without the consent of both parties. <u>Roeder v. Ferrell-Duncan Clinic, Inc.</u>, 155 S.W.3d 76, 85 (Mo. Ct. App. 2004). An exception to this general rule applies in the context of mergers and stock purchases. <u>Alexander & Alexander, Inc. v. Koelz</u>, 722 S.W.2d 311, 313 (Mo. Ct. App. 1986). So long as there is no material change in the contract obligations and the duty of the employee, a change

in the form in which a business is owned or conducted will not result in a prohibited assignment of a personal services contract. Id. Therefore, if Trinity's acquisition of Mercy qualifies as a merger or a stock purchase, Trinity did not need Miles' consent to assume all rights under his contract with Mercy.

The question of what occurred when Trinity acquired Mercy has been argued at length by the parties. Miles argues that Trinity's acquisition of Mercy was an asset purchase and cites exhibit 2 of the complaint. Based on the facts before me at this time, I cannot determine whether the acquisition of Mercy's stock by Trinity was a merger, a stock purchase, or an asset purchase. As a result, this issue cannot be disposed of at this stage.

Trinity filed a surreply addressing this issue, and Miles has filed a motion to strike this surreply. Although the information in the surreply again challenges Miles' assertions that Trinity's acquisition of Mercy was a asset purchase, I had already reached the conclusion that this issue could not be disposed of on a motion to dismiss. As a result, I will allow Trinity's surreply, but I caution the parties to avoid needlessly filing unnecessary briefs in the future.

    b.    <u>Missouri Uniform Trade Secrets Act</u>

Miles argues that count IV, which arises under the Missouri Uniform Trade Secrets Act, should be dismissed because he did not owe a duty of confidentiality

to Trinity. He asserts that his contract supplanted any implied duty of confidentiality that he had to Trinity and that his duty of confidentiality terminated with that agreement. This argument, of course, is inconsistent with both of his arguments under the contract. If he had no enforceable contract with Trinity, then there is no contract to supplant the MUTSA claim. But the argument is wrong in any event – under the facts alleged in the complaint Trinity has stated a claim against Miles under MUTSA because it asserts that Miles owed it a duty of confidentiality as a fiduciary and that he misappropriated trade secrets before June 2006. Whether or not the termination of the contract ended Miles' duty of confidentiality, Trinity has stated a sufficient claim to survive a motion to dismiss. As a result, dismissal of this count is also inappropriate.

    c.    <u>Common-Law Tort Claims</u>

Miles further asserts that counts V, VI, and VII should be dismissed because the causes of action are preempted by the Missouri Uniform Trade Secrets Act, Mo. Rev. Stat. § 417.463. This argument, of course, is inconsistent with his argument that MUTSA does not apply, but since I have determined that the MUTSA claim withstands dismissal, I will discuss it. Of course, just as Miles may argue inconsistent theories for dismissal, a plaintiff may assert inconsistent theories of recovery: "A party may also state as many separate claims or defenses

as the party has regardless of consistency . . ." Rule 8(e)(2), Fed. R. Civ. P.

MUTSA expressly preempts "conflicting tort, restitutionary and other [state] laws ... providing civil remedies for misappropriation of trade secrets, and civil remedies based upon the misappropriation of a trade secret." Mo. Rev. Stat. § 417.463(1). Trinity asserts that its claims are based on additional facts aside from the alleged misappropriation of trade secrets and has alleged facts that are outside of trade secret claims, including that Miles entered an employment relationship with Hope Hospice while employed by Trinity and solicited patients, employees and patient facilities of Trinity. These allegations are sufficient to withstand a motion to dismiss. At this stage, I cannot yet determine whether these claims merely relate to Trinity's trade secrets claims or actually conflict with them. See EarthDweller, Ltd. v. Rothnagel, 1993 WL 487546, at *7 (N.D. Ill. Nov. 22, 1993). As a result, dismissal of these claims is inappropriate at this stage.

2. Hope Hospice's Motion to Dismiss

Hope Hospice seeks dismissal of claims VII and IX, asserting that Trinity's complaint does not +contain sufficient allegations of Hope's knowledge of the agreement between Trinity and Miles. Even though federal courts follow a more liberal pleading requirement that Missouri courts, Hope asserts that the Eighth Circuit has adopted the Missouri pleading requirements for tortious interference

with a contract or business relationship.  In support of this argument, Hope cites Inst. Food Mktg. Ass'n, Ltd. v. Golden State Strawberries, Inc., 747 F.2d 448, 454 (8th Cir. 1984).  This argument misconstrues the law.

In Inst. Food, the issue was whether the plaintiff had alleged sufficient facts to give the court jurisdiction over the matter.  Under Fed. R. Civ. P. 8(a)(1), the pleading must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends."  The court had to ask whether there was personal jurisdiction over the defendant under the Missouri long-arm statute.  The court had to examine all of the elements of tortious interference because a plaintiff seeking personal jurisdiction over a defendant "under a state long arm statute must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state."  Id.  In this case, there is no question that this court has personal jurisdiction over Hope.  Hope is a Missouri corporation with its principal place of business in Missouri and federal subject-matter jurisdiction is based upon diversity of citizenship.  Trinity does not need to plead all the facts that would prove a prima facie case of tortious interference in order for the court to have jurisdiction.

Trinity has made sufficient allegations to give Hope fair notice of what its claims are and upon which grounds they rest.  Trinity has alleged that Hope

employed Miles when it knew he was already employed by Trinity and diverted business away from Trinity using confidential information. Hope may use the liberal federal discovery rules and a summary judgment motion to define disputed facts and issues and to dispose of unmeritorious claims. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). As a result, I will also deny Hope's motion to dismiss counts VIII and IX.

Accordingly,

**IT IS HEREBY ORDERED** that the motions to dismiss of Defendants Miles and Hope Hospice, Inc. [#16 and #18] are denied.

**IT IS FURTHER ORDERED** that Trinity's motion to file a surreply [#26] is granted and Miles's motion to strike [#27] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of March, 2007.