IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TRINITY HOSPICE, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 4:06-CV-01674 CDP |
| WILLIAM MILES and HOPE HOSPICE, INC. | ) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

The parties anticipate that certain documents and information of a confidential nature will be subject to production during the course of this litigation. The parties further agree that a protective order is warranted to allow the parties to proceed with discovery with reasonable limitations and restrictions that would protect sensitive and/or confidential information from unwarranted public disclosure. Therefore, the parties, through their respective counsel, who will hold such documents and information in confidence, using such information and documents only in connection with the conduct of this pending litigation, hereby stipulate and consent to an entry of a protective order in the following form:

1. Confidential treatment as provided below may be claimed by any party for documents and information and any portion or summary thereof produced by that party during pretrial discovery in this lawsuit. Any confidential documents provided throughout the course of this litigation shall be marked with the stamp of "CONFIDENTIAL", and shall be treated as confidential information.

All documents designated "CONFIDENTIAL" and the information therein shall be kept confidential by the parties and their counsel and shall be disclosed only to the following

individuals: each individual party; the president of any corporate party; such other officers or persons of a corporate party as are agreed upon by the parties; the attorneys for each party who have entered their appearance in this lawsuit, and the secretarial or clerical staff of each such attorney. Each individual who obtains any such confidential information shall use the information solely for the purpose of pursuing this litigation and shall not disclose such information in any manner to any person not authorized to receive the information by this Order.

If any party designates any documents as CONFIDENTIAL, which the opposing party believes should not be treated as confidential, the objecting party shall so notify the other in writing. If the parties are unable to agree as to the confidentiality of such documents, the objecting party shall file a motion seeking the Court's ruling as to the status of the documents at issue. If a motion is filed, the documents shall be treated as confidential in accordance with the agreement until further order of the Court.

2. Should either party desire that disclosure of certain documents be limited the attorneys for each party who have entered their appearance in this lawsuit and the secretarial or clerical staff of each such attorney, that party shall notify the other in writing of their intent to stamp such documents as "CONFIDENTIAL – ATTORNEY'S EYES ONLY". If the parties are unable to agree whether documents should be designated for attorney's eyes only, the designating/producing party shall file a motion seeking the Court's ruling as to the status of the documents at issue. If a motion is filed, the designating/producing party, the produced documents shall be treated as for attorney's eyes only until an agreement is reached between the parties or further order of the Court.

3. Deposition testimony regarding documents designated as "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be designated "CONFIDENTIAL" either at the time the testimony is given or within two weeks after the deponent has received a transcript of the deposition.

4. In the event that any party's counsel should desire to copy all or any portion of any documents being produced by an opposing party in response to a request for production, which have been designated as confidential, and marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" on the face of the document, then said document shall be disclosed only to counsel of record and their clerical personnel, provided that any confidential documents and information may also be disclosed to other persons, including the parties, expert witnesses or other witnesses who have a need for such disclosure in the course of their testimony, and whose assistance is, in counsel's sole and exclusive opinion, necessary in conducting this litigation, upon the signing, prior to such disclosure, of a statement in the form attached hereto as Exhibit A by the person or persons to whom they are to be disclosed. Counsel shall not otherwise offer or permit disclosure of any confidential document, its contents, or any portion or summary thereof, except in accordance with paragraphs (4) and (5) herein.

5. Persons having knowledge of confidential documents and information by virtue of their participation in the conduct of this litigation shall use them for the sole purpose of pursuing this litigation and shall not disclose such confidential documents, their contents or any portion or summary thereof to any person or persons not involved in the conduct of the litigation. If such persons improperly disclose confidential documents, their contents or any portion or summary thereof to any person or persons not included in the conduct of the litigation, that person will be subject to economic sanctions by this Court for any damages caused to the injured party.

6. Counsel for both parties shall exercise reasonable care not to needlessly disclose information contained in confidential documents on the public record of this proceeding. Counsel shall have the right to use any information contained in confidential documents, and/or any confidential documents, in the trial of this cause of action, as said counsel deems necessary in counsel's sole and exclusive opinion without any liability of any nature or form involved with or arising out of the use of any such information or documents in the trial of this cause of action. Provided, however, that the party producing such information or documentation does not waive any right to object at trial to the admissibility of any document or portion thereof, nor the right of that party to file a motion *in limine* regarding the use at trial of any document or portion thereof.

7. Counsel shall have the right to deposit with the Court any confidential documents at any time for any reason. Counsel shall have the right to use information contained in any confidential documents in connection with any motions that counsel deems necessary in counsel's sole and exclusive opinion. In the event that confidential budget or confidential personnel documents, including any portion or summary thereof, or portions of deposition transcripts referencing those documents and designated confidential are filed or otherwise deposited with the Court, they shall be filed in an envelope bearing the following designation when deposited:

### **CONFIDENTIAL**

**IN ACCORDANCE WITH THE AGREEMENT BETWEEN THE PARTIES THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN ATTORNEYS IN THIS CASE, TO PERSONS ASSISTING THOSE ATTORNEYS, THE COURT ITSELF, AND PERSONNEL WORKING FOR THE COURT.**

8. Within ninety (90) days of final adjudication, including but not limited to final adjudication of any appeals or petitions for extraordinary writs, all copies of confidential documents remaining in the actual or constructive custody of counsel shall be: 1) returned to the opposing counsel; or 2) destroyed by counsel with a certificate of destruction provided to the opposing counsel.

9. The parties anticipate that certain documents and information containing "protected health information" (as that term is defined under 45 CFR §160.103) will be subject to production during the course of this litigation. Such documents and information will be protected according to the terms of this Order, in accordance with 45 CFR §164.512(e)(1)(v), with the explicit restrictions that:

    a. The parties are prohibited from using or disclosing the "protected health information" for any purpose other than the litigation or proceeding for which such information was requested; and

    b. All "protected health information" (including all copies made thereof) be returned to the producing party or destroyed at the end of the litigation. The requirements of this Paragraph 7.b. will be met if the "protected health information" is returned or destroyed according to the requirements of Paragraph 6.

Respectfully submitted,

| BLACKWELL SANDERS LLP | REBMAN, LINHARES & BEACHEM |
|---|---|
| By: /s/ Randall S. Thompson | By: /s/ Robert J. Linhares |
| Randall S. Thompson, # 47265 | Robert J. Linhares # 3589 |
| Kate M. Heideman, # 534150 | 8000 Maryland Avenue |
| 720 Olive Street, Suite 2400 | Suite 1060 |
| St. Louis, Missouri 63101 | St. Louis, MO 63105-3752 |
| (314) 345-6000 telephone | Phone: (314) 725-1118 |
| (314) 345-6060 facsimile | Fax: (314) 725-1026 |

| Attorneys for Plaintiff | Attorney for Defendant Hope Hospice, Inc. |
| | HEPLER, BROOM, ET AL. |
| | |
| | By: /s/ Thomas Scott Stewart |
| | Thomas Scott Stewart, # 44297 |
| | 800 Market Street, Suite 2300 |
| | St. Louis, MO 63101 |
| | Phone: (314) 241-6160 |
| | Fax: (314) 241-6116 |
| | |
| | Attorney for Defendant William Miles |

SO ORDERED:

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2007.